IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.: |
| ) | |
| Plaintiff, ) | JUDGE |
| ) | |
| v. ) | |
| ) | |
| $3,100.00 IN U.S. CURRENCY, ) | |
| $1,403.00 IN U.S. CURRENCY, AND ) | |
| $8,430.00 IN U.S. CURRENCY, ) | **COMPLAINT IN FORFEITURE** |
| ) | |
| Defendants. ) | |

NOW COMES plaintiff, the United States of America, by Rebecca C. Lutzko, United States Attorney for the Northern District of Ohio, and Jason M. Katz, Assistant U.S. Attorney, and files this Complaint in Forfeiture, respectfully alleging, in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure, as follows:

**JURISDICTION AND INTRODUCTION**

1. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. Section 1345, and over an action for forfeiture under 28 U.S.C. Section 1355(a). This Court also has jurisdiction over this particular action under 21 U.S.C. Section 881(a)(6).

2. This Court has *in rem* jurisdiction over the defendant currencies: (i) pursuant to 28 U.S.C. Section 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in this district; and, (ii) pursuant to 28 U.S.C. Section 1355(b)(1)(B), incorporating 28 U.S.C. Section 1395, because the action accrued in this district. This Court will have control over the defendant

currencies through service of an arrest warrant *in rem*, which U.S. Marshals Service will execute upon the defendant currencies. *See*, Supplemental Rules G(3)(b) and G(3)(c).

3. Venue is proper in this district: (i) pursuant to 28 U.S.C. Section 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in this district; and, (ii) pursuant to 28 U.S.C. Section 1395 because the action accrued in this district.

4. In total, $12,933.00 in U.S. Currency was seized as part of a law-enforcement investigation into the drug activity of the Claimant Omearo BEAVER. Included in that amount is the defendant $3,100.00 in U.S. Currency, which was found during the execution of a search warrant on December 17, 2020. The remaining money—the defendant $1,403.00 in U.S. Currency and the defendant $8,430 in U.S. Currency—was each found during the execution of a search warrant on February 4, 2021. The defendant currencies is now in the custody of the federal government.

5. Subsequent to the seizure, U.S. Drug Enforcement Administration ("the DEA") commenced an administrative forfeiture proceeding against the defendant currencies. A claim to the defendant properties was submitted by BEAVER in the administrative forfeiture proceeding, thereby requiring the filing of this judicial forfeiture action.

6. The defendant $3,100.00 in U.S. Currency, the defendant $1,403.00 in U.S. Currency, and the defendant $8,430.00 in U.S. Currency are each subject to forfeiture to the United States under 21 U.S.C. Section 881(a)(6) in that they constitute proceeds from illegal drug trafficking activities, and/or were used—or were intended to be used—in exchange for illegal controlled substances, and/or were used—or were intended to be used—to facilitate illegal drug trafficking activities.

**FOREITURE**

7.     On October 22, 2020, members of the Trumbull [County, Ohio] Action Group ("TAG") oversaw a controlled buy, wherein the confidential source ("the CS") used $60 of pre-recorded official funds ("OAF") of to purchase heroin and $20 of OAF to purchase cocaine base ("crack") from BEAVER at 206 Laird Avenue S.E. in Warren, Ohio. Laboratory analysis determined that the purchased items were 0.432 grams of a mixture containing fentanyl and 0.135 grams of a mixture containing crack.

8.     On November 30, 2020, TAG members oversaw a controlled buy, wherein the CS used $60 of OAF to purchase heroin from BEAVER at 2510 Northwest Blvd., Warren, Ohio. Laboratory analysis determined that the purchased item was 0.506 grams of a mixture containing fentanyl.

9.     On December 4, 2020, TAG members oversaw a controlled buy, wherein the CS used $60 of OAF to purchase heroin from BEAVER at 2510 Northwest Blvd., Warren, Ohio. Laboratory analysis determined that the purchased item was 0.298 grams of a mixture containing fentanyl.

10.     On December 17, 2020, members of the DEA and TAG members executed a search warrant at 2510 Northwest Blvd., Warren, Ohio. During the search, law enforcement found paperwork with BEAVER's name on it in the same room as the defendant $3,100.00 in U.S. Currency, which was rolled up inside a pair of black shoes. Another individual, who was on scene and whose name was also found on paperwork found in the same room, denied ownership of the money.

11.     On January 26, 2021, TAG members oversaw a controlled buy, wherein the CS used $120 of OAF to purchase heroin and $100 to purchase crack from BEAVER at 223 Laird

Avenue N.E., Warren, Ohio. Included within that $220 of OAF were two $50 bills, one with a serial number of MK08488069A and another with a serial number of ML31084330A. In setting up the controlled buy, the CS called a phone number ending in 7990 and spoke to a person that the CS recognized as BEAVER. Laboratory analysis determined that the purchased items were 0.50 grams of a mixture containing fentanyl and 0.677 grams of a mixture containing crack.

12. On January 28, 2021, TAG members oversaw a controlled buy, wherein the CS used $120 of OAF to purchase heroin and $100 of OAF to purchase crack from BEAVER at 223 Laird Avenue N.E., Warren, Ohio. Included within that $220 of OAF were two $50 bills, one with a serial number of JB88273516A and another with a serial number of MD97245807A, and one $20 bill with a serial number of MF21477464A. In setting up the controlled buy, the CS called a phone number ending in 7990 and spoke to a person that the CS recognized as BEAVER. Laboratory analysis determined that the purchased items were 0.475 grams of a mixture containing fentanyl and 0.973 grams of a mixture containing crack.

13. On February 4, 2021, members of the DEA and TAG executed a search warrant at 223 Laird Avenue N.E., Warren, Ohio. Despite announcing themselves as law enforcement and the purpose of their visit, no one answered the door after they had knocked. Law enforcement then made entry, found no one on the first floor, but could hear people upstairs. After again announcing their presence and the purpose of the visit, no one came downstairs. Law enforcement then went upstairs. There they found BEAVER and T.W., each exiting the main bedroom and each carrying a juvenile. In BEAVER's front pants pocket, law enforcement found the defendant $1,403.00 in U.S. Currency.

14. Law enforcement *Mirandized* BEAVER, and he provided a statement. During that statement, BEAVER said that he did not live at the Laird Avenue residence, but was staying

there with his friend, T.W. BEAVER claimed that he lived at a house on Commerce Avenue, in Warren, Ohio. BEAVER's parole officer had earlier told law enforcement that BEAVER had requested approval to reside at the house on Commerce Avenue, but that request was denied. BEAVER told law enforcement that his cell phone was not in the residence. BEAVER also told law enforcement that anything found in the house was his.

15. During the search, law enforcement found several items associated with the trafficking in drugs. Specifically, in a kitchen cabinet above the refrigerator, law enforcement found a glass measuring cup with a metal knife (each containing a white residue that later tested positive for cocaine base (crack)) and a plastic bag containing two folded-up pieces of paper and a white residue (the residue from one later tested positive for fentanyl and cocaine, and the residue from the other later tested positive for cocaine base (crack). A box of ammunition was found in the kitchen drawer. In the car used by BEAVER, law enforcement also found a scale. Additionally, the house was outfitted with surveillance cameras.

16. In the residence's master-bedroom closet, law enforcement found a plastic bag with folded-up U.S. Currency in a jacket pocket. When the officer who found the money announced to those in the house that he had discovered the money, BEAVER said that this money was his income-tax money. However, when the same money was brought downstairs for processing, BEAVER then claimed that the money was his unemployment money. Later, when DEA processed the jacket-pocket money, they found, intermingled within the jacket-pocket money, two $50 bills (one with a serial number of MK08488069A and another with a serial number of ML31084330A) that had been OAF used in the January 26, 2021, controlled buy. Also intermingled within the jacket-pocket money DEA found one $20 bill (with a serial number of MF21477464A) and two $50 bills (one with a serial number of JB88273516A and another

5

with a serial number of MD97245807A) each having been OAF used in the January 28, 2021, controlled buy. When those OAF bills were removed, the total amount of money seized from the jacket pocket was the defendant $8,430.00 in U.S. Currency.

17. Also in the master bedroom, law enforcement found a cell phone. Law enforcement then called the same phone number that BEAVER had been used during the setting up of the controlled buys that took place on January 26, 2021 and on January 28, 2021 (a phone number ending in 7990). The found cell phone rang.

18. In a Crown Royal bag secreted in a cinder block outside the house and behind the garage, law enforcement found drugs and more money. Specifically, law enforcement found 43.33 grams of a mixture containing cocaine, 67.3 grams of a mixture containing fentanyl, 33.042 grams of a mixture containing fentanyl, 14.5 grams of a mixture containing fentanyl, 1.378 grams of a mixture containing fentanyl, and $470.00 in U.S. funds. That $470 is not the subject of the Complaint.

19. BEAVER's parole officer reports that his notes do not reference BEAVER working a job at the time.

20. On October 14, 2021, a grand jury in the Northern District of Ohio, Eastern Division returned an indictment charging BEAVER with seven felony counts. These include four counts of drug distribution, two counts of possessing drugs with the intent to distribute, and one count of being a felon in possession of ammunition.

21. On September 22, 2022, BEAVER pled guilty in case number 4:21CR741 in the Northern District of Ohio. Specifically, he pled guilty to distributing fentanyl on January 26, 2021 (Count 1) (Distribution of Fentanyl), distributing crack on January 26, 2021 (Count 2), distributing fentanyl on January 28, 2021 (Count 3), distributing crack on January 28, 2021

(Count 4), and being a felon in possession of ammunition (Count 6). As part of the plea agreement, BEAVER admitted to his distribution of drugs on January 26, 2021, his distribution of drugs on January 28, 2021, and his illegal possession of ammunition on February 4, 2021, which was found in "his residence" and "was in connection with his drug distribution offenses." (R. 31: Plea Agreement in *United States v. Beaver*, 4:21CR741 (NDOH), PageID 94).

22. On January 24, 2023, Judge Benita Y. Pearson of the Northern District of Ohio, Eastern Division sentenced BEAVER to four years of imprisonment for the crimes of four counts of Drug Distribution and one count of being a Felon in Possession of Ammunition.

23. On or about August 7, 2023, BEAVER was released from incarceration.

24. BEAVER has felony convictions that include Kidnapping and Aggravated Burglary arising out of the Trumbull County, Ohio, Court of Common Pleas in Case Number 10CR106. For those crimes, on February 28, 2011, BEAVER was sentenced to 10 years in prison. He was admitted to prison on March 23, 2011 and was released on September 24, 2020. Less than one month later, on October 22, 2020, the first controlled buy from BEAVER took place (*see* Paragraph 7).

25. The total amount of seized money at issue is $12,933.00, which includes the defendant $3,100.00 in U.S. Currency seized on December 17, 2020 (*see* Paragraph 10), the defendant $1,403.00 in U.S. Currency seized from BEAVER's front pants pocket on February 4, 2021 (*see* Paragraph 13), and the defendant $8,430.00 in U.S. Currency seized from the jacket pocket on February 4, 2021 (*see* Paragraph 16).

## CONCLUSION

26. By reason of the foregoing, the defendant $3,100.00 in U.S. Currency, the defendant $1,403.00 in U.S. Currency, and the defendant $8,430.00 in U.S. Currency, is each

subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6) in that they constitute proceeds from illegal drug trafficking activities, and/or were used—or were intended to be used—in exchange for illegal controlled substances, and/or were used—or were intended to be used—to facilitate illegal drug trafficking activities.

WHEREFORE, plaintiff, the United States of America, requests that this Court enter judgment condemning the defendant properties and forfeiting them to the United States, and providing that the defendant properties be delivered into the custody of the United States for disposition according to law, and for such other relief as this Court may deem proper.

                                      Respectfully submitted,

                                      REBECCA C. LUTZKO
                                      United States Attorney

By:   /s/ Jason M. Katz
          Jason M. Katz
          Assistant United States Attorney
          United States Court House
          801 West Superior Avenue, Suite 400
          Cleveland, OH 44113
          (216) 622-3844/ Fax (216) 522-7499
          Jason.Katz@usdoj.gov

## VERIFICATION

STATE OF OHIO            )
                         ) SS.
COUNTY OF CUYAHOGA )

I, Jason M. Katz, under penalty of perjury, depose and say that I am an Assistant United States Attorney for the Northern District of Ohio, and the attorney for the plaintiff in the within entitled action. The foregoing Complaint in Forfeiture is based upon information officially provided to me and, to my knowledge and belief, is true and correct.

_____
Jason M. Katz (OH: 0076104)
Assistant United States Attorney

Sworn to and subscribed in my presence this 5th day of October 2023.

_____
Notary Public

DANIEL R. RANKE, Attorney At Law
Notary Public - State of Ohio
My commission has no expiration date.
Section 147.03 O. R. C.

9